# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 31, 2012

Lyle W. Cayce
Clerk

No. 12-50068
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE FELIX RAMIREZ-ALBINO, also known as Felix Albino, also known as
Jose Albino,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-627-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Felix Ramirez-Albino pled guilty to illegal reentry after deportation
and was sentenced, *inter alia*, to 24-months imprisonment. He contends: his
sentence is substantively unreasonable because it is greater than necessary to
accomplish the sentencing goals of 18 U.S.C. § 3553(a); and the illegal reentry
Sentencing Guideline, § 2L1.2, gives too much weight to prior criminal history,
overstates the serious of the illegal reentry offense (which Ramirez characterizes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as only an international trespass), fails to account for personal history and circumstances, and lacks an empirical basis.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). Ramirez does not claim procedural error. A discretionary sentence imposed, as here, within a properly-calculated Guidelines sentencing range is presumptively reasonable. *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).

Because Ramirez failed in district court to challenge the reasonableness of his sentence, he acknowledges that, under our precedent, review is only for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). (Notwithstanding his failure to object in district court, and contrary to that precedent, Ramirez asserts abuse-of-discretion review is proper, but only to preserve the issue for possible further review.) Among the factors necessary for reversible plain error, Ramirez must show a clear or obvious error. He fails to do so.

The district court imposed a sentence at the bottom of the advisory Guidelines sentencing range. Along that line, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Ramirez' contentions concerning the weight given his prior criminal convictions, family history, and motivation for reentry fail to rebut the presumption of reasonableness accorded to within-Guidelines sentences. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Finally, he concedes his empirical-data contention is foreclosed by precedent, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and

makes this contention only to preserve it for possible further review. His assertion that his illegal reentry is nothing more than an international trespass is likewise foreclosed. *E.g., United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

AFFIRMED.